## MORG T. DUNCAN'S TRUSTEE *v.* CITY OF LOUISVILLE.

**Recovery of Taxes Paid.**
> In the absence of fraud or mistake, taxes voluntarily paid to the proper authorities cannot be recovered.

**Power of Courts to Correct Erroneous Assessments.**
> The courts have no power in a collateral proceeding to inquire into the correctness of the valuations made by the city assessors.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

November 18, 1878.

OPINION BY JUDGE COFER:

This anomalous proceeding was instituted to recover back money paid to the city as taxes on certain property belonging to the estate of John L. Martin, deceased, on the ground that the property was assessed at greatly more than its value for the years 1857 to 1874, inclusive.

Neither fraud nor mistake is alleged. The ground for relief seems to be that the beneficiaries for whom the property was held were infants or married women, or were absent from Louisville on business or pleasure a great part of the time during which these alleged excessive collections were made. It does not appear who paid the taxes. If Martin's executors paid them, as we assume from the allegation that they held the property up to 1874, when deeds of partition were made to Martin's devises, it does not appear upon what ground the appellants claim to be entitled to recover back a part of the money so paid.

But a more serious objection exists in the fact that the courts have no power thus collaterally to inquire into the correctness of the valuations made by the city assessors. If such power exists in one case it exists in every case, not only in Louisville but in every city, town and county in the state, in which a local ad valorem tax is levied, and the result would be that the whole judicial force of the state would be unequal to the task of revising the action of local commissioners of tax.

When a mode of contesting assessments is provided by statute that mode must be pursued. When no other is provided, the body imposing the tax may have authority, if applied to in convenient season to correct such errors, but whoever else may or may not

have it, it is certain courts of chancery have it not unless it be conferred by statute, which is not claimed.

The judgment must therefore be *affirmed*.

*B. Duncan, for appellant.   T. L. Bennett, for appellee.*